IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONI WRIGHT, *et al.* | : | |
|     Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LEHIGH VALLEY HOSPITAL, *et al.* | : | No. 10-431 |
|     Defendants. | : | |

<u>MEMORANDUM</u>

Schiller, J.                                                                                                                August 24, 2010

      Before the Court is Plaintiff Joni Wright's Motion to Proceed as a Collective Action and Facilitate Notice Under 29 U.S.C. § 216(b). Wright requests that the Court (1) designate her Fair Labor Standards Act ("FLSA") claim as a Section 216(b) collective action, (2) order Defendants to produce a list of the names, addresses, and phone numbers of all potential opt-in members, and (3) authorize notice to all present and former employees of Lehigh Valley Hospital and Health Network who were designated, paid, or employed as registered nurses within the past three years and were required to attend report meetings before and after their scheduled shifts and/or otherwise performed job duties prior to and/or after the completion of their scheduled shifts for which they were not compensated. For the following reasons, Wright's motion will be denied.

**I.    BACKGROUND**

      Defendant Lehigh Valley Hospital and Health Network (the "Network") is a not-for-profit health network, which operates throughout Pennsylvania's Lehigh Valley region. (Compl. ¶ 11.) The Network owns and operates three hospitals: Lehigh Valley Hospital-Muhlenberg, Lehigh Valley Hospital-17th Street and Leigh Valley Hospital-Cedar Crest, as well as nine health centers and

one retail health clinic. (*Id.*) Wright has been employed as a registered nurse with the Network for over three years. (*Id.* ¶ 37.)

The Network enforces its polices, practices and procedures for employment, job requirements and responsibilities, tracking of hours worked and the compensation for its registered nurses uniformly. (*See id.* ¶¶ 14-36.) Human Resources Policy #4002.00 states that "Lehigh Valley Health Network shall observe all applicable wage/hour regulations under [FLSA]." (Pl.'s Mot. To Proceed as a Collective Action [Pl.'s Mot.] Ex. 5 [HR Policy].)

Nonetheless, Wright alleges that the Network requires its nurses to arrive at work at least fifteen minutes in advance of their scheduled shift and stay at least fifteen minutes following the conclusion of their scheduled shift in order to attend meetings. (Compl. ¶¶ 25, 26, 40.) In some cases, Wright and her fellow registered nurses were required to stay in excess of two hours after their shifts concluded. (*Id.* ¶¶ 27, 41.) In addition, in the rare instance that Wright received a lunch break, she was required to perform work functions during that time period. (Pl.'s Mot. Ex. 2 [Wright Decl.] ¶¶ 4-8.) The registered nurses are not compensated for the work performed during this overtime. (Compl. ¶¶ 28-29, 42-43.) Wright's payroll checks from the Network fail to accurately state the number of hours she worked and instead compensate her "per shift" rather than for all hours worked as the FLSA requires. (Compl. ¶ 46; Wright Decl. 10.) Wright's declaration notes that throughout her employment she worked alongside other registered nurses who similarly worked before and after their shifts without being properly paid. (Wright Decl. ¶ 15.)

Wright claims that the Network failed to accurately track, record, and report the hours worked by her and other registered nurses; neither Wright nor the other registered nurses were provided "time cards" or required to document their exact time of arrival and departure for each

shift. (Compl. ¶¶ 30, 44.) Thus, Wright alleges that the Network violated the FLSA by failing to properly compensate the registered nurses for the overtime they worked. (Compl. ¶¶ 28-29, 42-43.)

In addition to her declaration, Wright included the declaration of Michael Murphy, counsel to Plaintiff and all other similarly situated registered nurses currently and previously employed by Defendants. (Pl.'s Mot. Ex. 3 [Murphy Decl.] ¶ 1.) His declaration relays a phone conversation he had with an anonymous nurse employed by the Network in which the anonymous nurse told him that she was required to arrive for work at least fifteen minutes prior to the start of her shift and to stay a minimum of fifteen minutes after her shift ended.[1] (*Id*. ¶¶ 2-3, 8.) She also informed him that on many occasion she stayed in excess of one hour after her scheduled shift had ended. (*Id*. ¶ 9.) She was not always paid overtime for this additional work. (*Id*. ¶¶ 8-9.) The anonymous nurse also reported that she did not always receive uninterrupted lunch breaks. (*Id*. ¶¶ 13-15.) Although the anonymous nurse originally agreed to participate in the litigation, she subsequently informed Murphy that she feared retaliation and was thus unwilling to move forward at the time. (*Id*. ¶¶ 16-17.)

## II.     DISCUSSION

### A.     FLSA Class Certification

The FLSA requires employers to compensate their employees at one and one-half times the employees' hourly wage for hours worked in excess of forty hours per week. 29 U.S.C. §§ 206-07. "Additionally, the FLSA requires employers to keep wage and hour records, and creates a right of action for covered employees." *Walker v. Washbasket Wash & Dry*, Civ. A. No. 99-4878, 2001 WL

---

[1] The registered nurse apparently identified herself to Murphy but "requested to remain anonymous." (*Id*. ¶ 3.)

770804, at *6 (E.D. Pa. July 5, 2001) (citations omitted).  The FLSA permits "one or more employees to pursue an action in representative capacity for 'other employees similarly situated.'" *Aquilino v. Home Depot, Inc.*, No. 04-4100, 2006 WL 2583563, at *1 (D.N.J. Sept. 7, 2006) (quoting *Mortisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 496 (D.N.J. 2000)). Wright must demonstrate that the proposed class satisfies two requirements: "(1) class members are 'similarly situated,' and (2) class members affirmatively opt into the action." *Bamgbose v. Delta-T Group, Inc.*, 684 F. Supp. 2d 660, 667 (E.D. Pa. 2010) (citations omitted).

Courts employ two stages of analysis when deciding whether to certify an FLSA collective action.  During the initial notice stage, "the court determines whether a class should be conditionally certified for the purpose of notice to potential opt-in plaintiffs and for pretrial discovery regarding their individual claims." *Kuznyetsov v. W. Penn Allegheny Health Sys., Inc.*, Civ. A. No. 09-379, 2009 WL 1515175, at *1 (W.D. Pa. June 1, 2009).  At the notice stage, the court should review the pleadings and affidavits of the parties to decide if the proposed class consists of similarly situated employees. *Id*.

If the plaintiff carries her burden, the court will conditionally certify the class for the purpose of notice and discovery. *Id*. (citing *Armstrong v. Weichert Realtors*, Civ. A. No. 05-3120, 2006 WL 1455781, at *2 (D.N.J. May 19, 2006)).  The second stage or "decertification" stage occurs at the close of class-related discovery, when the defendant may move to decertify the class. *Bamgbose*, 684 F. Supp. 2d at 668.

Courts in the Third Circuit do not agree on the level of proof that a plaintiff must adduce at stage one to show that potential class members are similarly situated.  Wright wants the Court to adopt the "substantial allegations" test in which a court will grant a conditional certification upon

4

a showing of "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Lenahan v. Sears, Roebuck & Co.*, Civ. A. No. 02-45, 2006 WL 2085282, at *10 (D.N.J. July 24, 2006); *see also Felix De Asencio v. Tyson Foods, Inc.*, 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001). This Court considered this issue in *Smith v. Sovereign Bancorp, Inc.*, Civ. A. No. 03-2420, 2003 WL 22701017, at *2 (E.D. Pa. Nov. 13, 2003). In *Smith*, this Court rejected the substantial allegation approach because it rendered preliminary class certification automatic upon the magic words: "other employees similarly situated." *Id*. Additionally, the Court continued,

> Under this rationale [of the substantial allegations test], any plaintiff who is denied overtime pay may file suit under FLSA and, as long as her complaint is well-pled, receive preliminary class certification and send court-approved notice forms to every one of her employer's hourly employees. This is, at best, an inefficient and overbroad application of the opt-in system, and at worst it places a substantial and expensive burden on a defendant to provide names and addresses of thousands of employees who would clearly be established as outside the class if the plaintiff were to conduct even minimal class-related discovery. More importantly, automatic preliminary class certification is at odds with the Supreme Court's recommendation to ascertain the contours of the action at the outset, and such certification does not comport with the congressional intent behind FLSA's opt-in requirement, which was designed to limit the potentially enormous size of FLSA representative actions. As the Supreme Court has stated, the opt-in requirement was intended to reduce excessive litigation spawned by plaintiffs lacking a personal interest in the outcome. If district courts do not take basic steps to ensure that opt-in notices are sent only to potential plaintiffs who have a personal interest in the employer's challenged policy, the congressionally-mandated line between representative actions under FLSA and class actions under Rule 23 will be substantially blurred.

*Id*. Wright has offered no reason to stray from this analysis. Thus, the Court will require Plaintiffs to make a basic or modest factual showing that the proposed recipients of opt-in notices are similarly situated to the named Plaintiff. *See id.* at *3. This conclusion is in line with the bulk of courts in this Circuit that have considered the issue. *See, e.g.*, *Krstic v. J.R. Contracting & Envtl. Consulting*,

5

Civ. A. No. 09-2459, 2010 WL 395953, at *2 (D.N.J. Feb. 4, 2010) (citing *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 267 (E.D.N.Y. 2005)) (requiring a "modest factual showing"); *Burkhart-Deal v. Citifinancial, Inc.*, No. 07-1747, 2010 WL 457127, at *1 (W.D. Pa. Feb. 4, 2010) (quoting *Williams v. Owens & Minor, Inc.*, Civ. A. No. 09-742, 2009 WL 5812596, at *2 (E.D. Pa. Oct. 9, 2009)) (same); *Abercrombie v. Ridge*, Civ. A. No. 09-468, 2009 WL 3668112, at *4 (W.D. Pa. Nov. 4, 2009) (same); *Andrako v. U.S. Steel Corp.*, Civ. A. No. 07-1629, 2009 WL 2855662, at *3 (W.D. Pa. Sept. 2, 2009) (citations omitted) (same); *Kuznyetsov*, 2009 WL 1515175, at *2 (citations omitted) (same); *Harris v. Healthcare Servs. Group, Inc.*, No. 06-2903, 2007 WL 2221411, at *3 (E.D. Pa. July 31, 2007) (citations omitted) (same). This is a lenient standard but requires some evidence beyond mere speculation that the defendant's policy affected other employees. *See Anyere v. Wells Fargo Co.*, Civ. A. No. 09-2769, 2010 WL 1542180, at *2 (N.D. Ill. Apr.12, 2010) ("A 'modest factual showing' . . . cannot be founded solely on allegations in the complaint; some factual support must be provided, such as in the form of affidavits, declarations, deposition testimony, or other documents." (quoting *Molina v. First Line Solutions LLC*, 566 F. Supp. 2d 770, 786 (N.D. Ill. 2007))); *Burkhart-Deal*, 2010 WL 457127, at *1 (quoting *Kuznyetsov*, 2009 WL 1515175, at *2); *Bishop v. AT&T Corp.*, 256 F.R.D. 503, 507 (W.D. Pa. 2009).

  **B.**  **Wright's Class Certification Motion**

  Wright has failed to proffer any admissible evidence that would allow this Court could infer that other current or former registered nurses endured deprivations similar to those Wright allegedly experienced. Although she makes repeated references to similarly situated nurses, she fails to name a single registered nurse – other than herself – willing to opt-in to the proposed class. Her Complaint also notes that Defendants uniformly enforced its employment policies, practices, and procedures.

6

(*See* Mem. of Law in Supp. of Pl.'s Mot. to Proceed as a Collective Action at 5-7.)  But the policy to which she refers states that "Lehigh Valley Health Network shall observe all applicable wage/hour regulations under the 1938 Fair Labor Standards Act (FLSA)."  (HR Policy.)  Wright's argument that Defendants must have violated other nurses' rights because their uniform policies and procedures allegedly violated her rights is insufficient to satisfy the modest factual showing test.  She must come forth with admissible evidence to satisfy her burden that putative class members are similarly situated.  Plaintiff has set forth evidence that she has an individual claim under the FLSA.  She alleges that her paychecks and stubs fail to reflect accurately her hours worked and that she was not paid overtime in accordance with the law.  But her unsupported assertion that other registered nurses must have been subjected to these same conditions is insufficient to sustain her minimal burden.

It is telling that despite having had ample time to recruit other registered nurses to support her claim, Wright remains unable to name a second person subjected to Defendants' FLSA violations.  Instead, she relies on an affidavit submitted by her attorney.  But this affidavit is rife with inadmissible hearsay and only admissible evidence may be considered when deciding an FLSA conditional class certification motion.  *See Kuznyetsov*, 2009 WL 1515175, at *3 (quoting *Stanislaw v. Erie Idem. Co.*, Civ. A. No. 07-1078, 2009 WL 426641, at *2 (W.D. Pa. Feb. 20, 2009)); *Rodgers v. CVS Pharmacy, Inc.*, Civ. A. No. 05-770, 2006 WL 752831, at *3 (M.D. Fla. Mar. 23, 2006) ("Certification of a collective action and notice to a potential class is not appropriate to determine *whether* there are other who desire to join the lawsuit.  Rather, a showing that others desire to opt in is required before certification and notice will be authorized by the court."); *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 866 (S.D. Ohio 2005) ("The Court finds that hearsay statements cannot be considered in connection with a Plaintiff's § 216(b) motion for the purpose of

determining whether other employees are similarly situated."). Additionally, the anonymous nature of the source cloaks the affidavit in mystery and renders this Court unable to determine if the source is similarly situated to Plaintiff. *See Rodgers*, 2006 WL 752851, at *4 ("This vague reference to a wage violation made by an anonymous former employee who worked at an undisclosed location is insufficient to support Plaintiff's motion.") Similarly, her own declaration includes conclusory allegations and fails to name a single nurse, include any of their pay stubs or time sheets or any other information that would allow this Court to make even a preliminary finding that this litigation can proceed as a collective action. Wright's "evidence" is silent to the plight of other current or former registered nurses. The conspicuous dearth of record evidence of a factual nexus between Wright's experiences and those of other Network registered nurses is fatal to the proposed class. *See Powers v. Centennial Commc'ns Corp.*, 679 F. Supp. 2d 918, 922-23 (N.D. Ind. 2009) (plaintiff's failure to provide affidavits or declarations from other employees fatal to proposed class under the FLSA).

### III.  CONCLUSION

Plaintiff has failed to make a modest factual showing of similarly situated employees and thus the Court is unwilling to subject Defendants to the burdens associated with a Section 216(b) collective action, order Defendants to remit an employee list to Plaintiff or authorize notice. Wright's motion for conditional class certification is denied. However, the Court will deny the motion without prejudice and allow the Plaintiff to re-file her motion at a later date, if appropriate. An appropriate order shall be docketed separately.