```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                            :
JONI WRIGHT, ET AL.         :   CIVIL ACTION
                            :
          Plaintiffs,       :
                            :
    v.                      :   NO. 10-431
                            :
LEHIGH VALLEY HOSPITAL      :
AND HEALTH NETWORK, ET AL.  :
                            :
          Defendants        :
_____:

ARNOLD C. RAPOPORT                              June 23, 2011
UNITED STATES MAGISTRATE JUDGE
```

## MEMORANDUM OPINION AND ORDER

I.   INTRODUCTION

Presently pending before me in this action under the Fair Labor Standards Act ("FLSA") is Plaintiff Joni Wright's Motion for Leave to File a Second Amended Complaint ("proposed SAC"). For the reasons that follow, the Motion is denied.

II.  LEGAL STANDARDS

After a responsive pleading is filed, Rule 15(a) only permits an amended pleading upon the written consent of the opposing party, or with leave of court. See Fed. R. Civ. P. 15(a)(2). The rule directs the court to "freely give leave when justice so requires." Id. Under this liberal standard, courts will grant a party leave to amend unless the opposing party can establish prejudice, undue delay, bad faith on the part of the movant or futility of amendment. See Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006); see also Forman v. Davis, 371 U.S.

178, 182 (1962). An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)). In making the futility assessment, I use the same standard of legal sufficiency employed under Federal Rule of Civil Procedure 12(b)(6). Id.

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must plead sufficient factual allegations, that, taken as a whole, state a facially plausible claim to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint satisfies the threshold of facial plausibility if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to establish plausible allegations to survive the motion. Id. at 1949 (citing Twombly, 550 U.S. at 555). The court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203,

210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  However, the court may disregard any legal conclusions in the complaint.  Id. at 210-11 (citing Iqbal, at 1949).

III. DISCUSSION

Like the earlier iterations of her complaint, Wright asserts in the proposed SAC that she and other similarly situated registered nurses are employed by Lehigh Valley Hospital and Health Network, Lehigh Valley Hospital, Lehigh Valley Hospital – Muhlenberg, Lehigh Valley Hospital – 17th Street, and Lehigh Valley Hospital – Cedar Crest (collectively "the institutional defendants"), who failed to accurately track and record hours actually worked by registered nurses and failed to pay compensation and overtime compensation in accordance with the mandates of FLSA for compensable work performed before and after scheduled shifts.  (SAC ¶¶ 22-26.)  With the proposed SAC, Wright seeks to join as additional defendants Ronald W. Swinfard, whom Wright identifies as the current chief executive officer of the institutional defendants, and Elliot J. Sussman, who is identified as the immediate past chief executive officer of the institutional defendants.  (SAC ¶ 13.)  Additionally, she seeks to join as additional defendants the individual members of the institutional defendants' board of trustees.  (SAC ¶ 15.)  She alleges "[u]pon information and belief, Mr. Sussman and Mr.

Swinford are her 'employers' for purposes of the FLSA because, as CEOs, they both had/have operational control over significant aspects of [the institutional defendants'] day-to-day functions during the time period giving rise to this action, and were ultimately responsible for ensuring [the institutional defendants'] compliance with FLSA." (SAC ¶ 14.) She makes the identical allegation with respect to the individual board members. (SAC ¶ 16.) She makes no other specific allegation with regard to Sussman, Swinford or the twenty-two individual board members she seeks to join as defendants regarding their personal participation in the actions that led her to file suit.

Defendants argue that Wright's "information and belief" assertions, which allege no facts showing how each additional defendant personally participated in the events giving rise to the alleged FLSA violation, are legally insufficient to satisfy the Twombly / Iqbal plausibility standard. I agree.

A defendant subject to FLSA as an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). The Supreme Court has instructed courts to construe the terms "employer" and "employee" expansively to effect Congress's remedial intent in enacting the FLSA. Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 326 (1992); Rutherford Food Corp. v. McComb, 331 U.S. 722, 728–29 (1947). In determining whether an

individual or entity is an "employer," courts must focus on the "economic reality" of the employment relationship, rather than on "technical concepts" of agency law. Goldberg v. Whitaker House Co-op., Inc., 366 U.S. 28, 33 (1961).

The FLSA "contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA." Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 965 (6th Cir. 1991) (citing Falk v. Brennan, 414 U.S. 190, 195 (1973)). While the concept of multiple employers is an accepted one for purposes of the FLSA, the question of whether a particular defendant is an "employer" under the FLSA, "must focus upon the totality of the circumstances, underscoring the economic realities of the [employees'] employment." Donovan v. Sabine Irrigation Co., 695 F.2d 190, 194 (5th Cir. 1983). Thus, a person "'with operational control of a corporation's enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" Donovan v. Grim Hotel Co., 747 F.2d 966, 971-72 (5th Cir. 1984) (quoting Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir. 1983).

Although the United States Court of Appeals for the Third Circuit has not addressed the issue, other Courts of Appeals have held that a corporate officer may be deemed to be an "employer" under the FLSA and held jointly and severally liable for unpaid wages. See Chao v. Hotel Oasis, Inc., 493 F.3d 26, 34 (1st Cir.

2007); Agnew, 712 F.2d at 1511; Grim Hotel Co., 747 F.2d 966, 971-72 (5th Cir. 1984) (quoting Agnew). These courts have held that the "economic reality" test also governs the analysis for determining whether individuals are employers under the FLSA, but focuses on "the role played by the corporate officers in causing the corporation to undercompensate employees and to prefer the payment of other obligations and/or the retention of profits." Baystate Alternative Staffing, Inc. v. Herman, 163 F.3d 668, 678 (1st Cir. 1998).

In addition to analyzing corporation administration in determining FLSA employer liability, courts also look to whether an individual undertakes "managerial responsibilities" relating to the corporation or exerts "substantial control" over its operation. Falk v. Brennan, 414 U.S. 190, 195 (1973); see Reich v. Circle C Inv. Inc., 998 F.2d 324, 329 (5th Cir. 1993)(noting that defendant was the "driving force" behind the corporation and thus met the definition of an employer). The factors deemed relevant to the personal liability analysis include the officer's (1) ownership interest in the corporation, (2) degree of operation control over the corporation's daily functions, financial affairs, and compensation practices, and (3) role in the corporation's determination to compensate (or not compensate) employees in accordance with the FLSA. Chao, 493 F.3d at 34; Baystate Alternative Staffing, 163 F.3d at 677–78.

Before applying these legal concepts of who may be held liable as an "employer" under FLSA, I must pause to identify the allegations in the complaint that are not entitled to the assumption of truth. See Iqbal, 129 S.Ct. at 1950. As the Supreme Court explained, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id., 129 S.Ct. at 1949; see also Twombly, 550 U.S. at 555.

Although defendants take strong issue with Wright's use of "upon information and belief" pleading, the allowance of pleading upon information and belief has been held to be appropriate under the Twombly / Iqbal regime where the facts required to be pled are uniquely in the control of the defendant. See Brinkmeier v. Graco Children's Prods. Inc., Civ. A. 09-262, 2011 WL 772894, at *6 (D.Del. March 7, 2011) (citing Simonian v. Blistex, Inc., Civ. A. 10-1201, 2010 WL 4539450, at *3 (N.D.Ill. Nov. 3, 2010) (recognizing that nothing in Twombly or Iqbal suggests that pleading on information and belief is "necessarily deficient"). "Accordingly, the Court will not dismiss Plaintiff's complaint based on the allegations being pled upon information and belief, so long as there is a proper factual basis asserted to support the beliefs pled." Id.

However, where "these averments are merely 'a formulaic recitation of the elements of a cause of action' . . . [r]eliance

by [Plaintiff] on information and belief cannot transform legal conclusions into plausible factual allegations." Essex Ins. Co. v. Miles, Civ. A. 10-3598, 2010 WL 5069871, at *3 (E.D.Pa. Dec. 3, 2010) quoting Iqbal at 1950. That is exactly the problem with Wright's SAC. With respect to status of the individual defendants as an "employer," the SAC pleads only that the proposed new defendants are FLSA employers because they have "operational control" of the institutional defendants and are "ultimately responsible" for ensuring their compliance with the FLSA. "Operational control" and "ultimate responsibility" are not facts; they are legal conclusions utterly devoid of any factual basis asserted to support the beliefs pled. Wright makes no allegations supporting her operational control conclusion, including such rudimentary facts as specifying which proposed individual defendant controlled which institutional defendant, whether they had any specific role in each corporations' personnel, financial and compensation practices, and most importantly, whether they had any role in the corporations' alleged determination to compensate (or not compensate) its employees in accordance with the FLSA.[1]  This failure is a

---

[1] I note, of course, that the institutional defendants are not for profit enterprises. SAC ¶ 11. Thus ownership interest in the corporations is a relevant factor to the extent that it shows that these are **not** the type of single-owner alter ego corporations where courts have used the economic reality test to hold that the owner is a jointly liable FLSA employer. See e.g., Duncan v. Perdue, 988 F.Supp. 992, 994 (W.D.Va. 1997) (finding

serious problem in an initial complaint; here I am confronted with Wright's request to amend her complaint for the third time to plead her FLSA cause of action, filed after substantial fact discovery has already been taken on her claims against the institutional defendants.  The lack of any supporting factual allegations renders the proposed FLSA claims against the officers and directors implausible.  Accordingly, the attempt to amend the complaint to add them as additional parties is futile.

V.  CONCLUSION

For the reasons I have expressed, I deny Wright's Motion for Leave to file a Second Amended Complaint.  An appropriate order will be entered.

BY THE COURT:


/s/ Arnold C. Rapoport
ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

---

individual defendant was an employer under FLSA where he was sole owner and chief executive officer of company); Gusdonovich v. Business Information Co., 705 F.Supp. 262, 268 (W.D.Pa. 1985) (upholding FLSA verdict against individual defendants because "the uncontradicted evidence as well as the stipulations of the parties showed that these three individuals were the sole owners of the corporation").  While ownership itself is not determinative, the not for profit status of the institutional defendants implies that the individual defendants had no ownership interest, which, combined with the failure to plead any factual matter to support the legal conclusion of operational control, is additional support for my finding that the allegation that the individual defendants are FLSA employers does not jive with economic reality.