IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------

JONI WRIGHT, individually and on
behalf of all others similarly situated,

                Plaintiffs,

     v.

LEHIGH VALLEY HOSPITAL AND HEALTH
NETWORK, LEHIGH VALLEY HOSPITAL,
LEHIGH VALLEY HOSPITAL – MUHLENBERG,
LEHIGH VALLEY HOSPITAL - 17TH STREET,
AND LEHIGH VALLEY HOSPITAL - CEDAR
CREST,

                Defendants.

------------------------------------------------------------

:
:
:
: Civil Action No.: 10-431
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**FILED**

JUL 1 7 2012

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## ORDER DETERMINING GOOD FAITH
## AND GRANTING FINAL APPROVAL OF SETTLEMENT

      This matter comes before the Court on the Motion of the Class Representatives, by their

counsel, Sobol, Sobol & Murphy, P.C. ("Class Counsel"), for an order and judgment finally

approving the Joint Stipulation of Settlement and Release ("Agreement"), previously filed with

the Court, and dismissing with prejudice all claims asserted in this matter. After reviewing the

Agreement and other related materials submitted by the Parties, and considering any and all

objections raised to the settlement, and otherwise being fully apprised of all the facts, the Court

hereby enters the following Final Order and Judgment:

      1.         This Court has jurisdiction over the subject matter of this action and

over all parties to this action pursuant to 28 U.S.C. §1331, 29 U.S.C § 216(b) and 28 U.S.C.

§1367(a), including all members of the Settlement Class, preliminarily certified for settlement

purposes only, by Order dated May 24, 2012 ("Preliminary Approval Order"), and as defined as:

All non-exempt registered nurses employed by Defendants in the Patient Care Services Division from January 20, 2008 through May 18, 2012 who were allegedly not compensated for all time worked.

2.        The Court finds that the Settlement Class, as defined above, satisfies the requirements of Fed. R. Civ. P. Rule 23(a), and is maintainable under Rule 23(b)(3), and that the Settlement Class satisfies the requirements to be maintainable as a collective action under 29 U.S.C § 216(b). The Court finally certifies the Settlement Class for purposes of settlement of this action only.

3.        The Notice given to the members of the Settlement Class adequately informed the class members of the terms of the Agreement, their right to opt out of the monetary provisions and pursue their own remedies and their opportunity to file written objections and appear and be heard at the Settlement Hearing regarding the approval of the Agreement. The Court finds that the Class Notice provided satisfied the requirements of Fed. R. Civ. P. 23 (e)(1)(B).

4.        The Court hereby approves the Agreement and finds that the Settlement Amount of $4,500,000.00 is fair, reasonable, and adequate to all members of the Settlement Class. The Court finds that extensive investigation, research and litigation has been conducted such that counsel for all parties are able to evaluate their respective risks of further litigation, including the risk of decertification, additional costs and delay associated with further prosecution of this action. The Court further finds that the Agreement has been reached as a result of intensive, arms-length negotiations, including mediation with an experienced third party neutral.

5.        Class Counsel is awarded the amount of $1,575,000.00 for fair and reasonable attorneys' fees and $43,339.03 for litigation expenses incurred in the prosecution of

this litigation, such award to be paid from the Settlement Amount in full compromise and satisfaction of all attorneys' fees and expenses incurred by Class Counsel as specified in the Agreement. The Claims Administrator, RG/2 Claims Administration LLC, shall be awarded an amount not to exceed $30,000.00 for fair and reasonable fees and expenses incurred in the administration of the settlement. Such awards are to be paid from the Settlement Amount as specified in the Agreement.

6.        Enhancement Payments, which are to be paid from the Settlement Amount as specified in the Agreement, are approved to the following Class Representatives who performed substantial services for the benefit of the Settlement Class, in the following amounts:

| Name: | Amount: |
|---|---|
| Joni Wright | $15,000.00 |
| Lenia Rexrode | $ 7,500.00 |

7.        Service Payments, which shall be paid from the Settlement Amount in accordance with the parties' Agreement, in the gross amount of one hundred dollars ($100.00) shall be paid to each Opt-In Plaintiff who submitted an executed Opt-In Form prior to April 1, 2011. These payments shall be made in addition to any Settlement Award which Opt-In Plaintiffs may otherwise be entitled as a Participating Claimant or any other payments to which they are entitled to receive under the Agreement.

8.        Service Payments, which shall be paid from the Settlement Amount in accordance with the parties' Agreement, in the gross amount of five hundred dollars ($500.00) shall be paid to all Deposed Opt-In Plaintiffs for the substantial services they performed for the benefit of the Class. These payments shall be made in addition to any Settlement Award which Deposed Opt-In Plaintiffs may otherwise be entitled as a Participating Claimant or any other payments to which they are entitled to receive under the Agreement.

9.          The Court finds and determines that the payments to the members of the Settlement Class, as provided in the Agreement and to be determined and paid by the Claims Administrator, are fair, reasonable and adequate and gives final approval to and orders that those payments be made to the members of the Settlement Class who have not requested exclusion from the Settlement in accordance with the Agreement.

10.         This Court hereby dismisses with prejudice all claims and actions in this matter and the claims of all Settlement Class members based on or arising out of any acts, facts, transactions, occurrences, representations or omissions which are alleged, or which could have been alleged, in the Second Amended Class and Collective Action Complaint in this matter, on the merits and without costs to any of the parties as against any other settling party, except as provided in the Agreement.

11.         All persons who are members of the Settlement Class are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any claims, causes of action for damages and liabilities of any kind, nature and character whatsoever in law, equity, or otherwise, known or unknown, suspected or unsuspected, that now exist, may exist or heretofore existed, against Defendants, Lehigh Valley Hospital and Health Network, Lehigh Valley Hospital, Lehigh Valley Hospital – Muhlenberg, Lehigh Valley Hospital – 17th Street, and Lehigh Valley Hospital – Cedar Crest, arising out of, related to, connected with, or based in whole or in part to any facts, transactions, occurrences, representations, or omissions which are alleged, or which could have been alleged, in the Second Amended Class and Collective Action Complaint in this matter.

12.         The Court retains jurisdiction over this action and the parties to administer, supervise, interpret, and enforce the Settlement Agreement and this Order.

4

BY THE COURT:

Arnold C. Rapoport
United States Magistrate Judge

Date: 7/17/12